UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

RICKY WALLACE,

                                                Plaintiff,        Case # 23-CV-6428-FPG

v.                                                                        DECISION & ORDER

THOMAS RAINBOW MORSE, et al.,

                                                Defendants.
───────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Ricky Wallace brings this civil rights action against Defendants Thomas Rainbow Morse (Rochester City Court Judge), Craig J. Doran (Chief Administrative Judge), Vincent M. Dinolfo (Monroe County Supreme Court Judge), William F. Kocher (Supervising Judge), Sandra Doorley (Monroe County District Attorney), the Rochester Police Department ("RPD"), and Gregory C. Clark (Assistant District Attorney). ECF No. 1 at 1. Plaintiff alleges that Defendants violated his constitutional rights in connection with his state-court criminal proceedings. The DA defendants,[1] the OCA defendants,[2] and RPD have all separately moved to dismiss the complaint. ECF Nos. 9, 12, 19. The Court analyzes each motion below.

## DISCUSSION

The nature of Defendants' arguments for dismissal makes it unnecessary for the Court to recite the extensive allegations contained in Plaintiff's complaint. In brief, Plaintiff alleges that Defendants violated several of his constitutional rights in connection with his arrest and prosecution in state court on firearm and drug charges. *See* ECF No. 1 at 7-8, 39. The state

---

[1] The "DA defendants" are Doorley and Clark.
[2] The "OCA defendants" are Morse, Doran, Dinolfo, and Kocher.

1

criminal proceedings ultimately terminated in Plaintiff's favor when the Appellate Division, Fourth Department, dismissed the indictment on appeal. *See* ECF No. 1 at 97-100. Plaintiff now brings suit under 42 U.S.C. § 1983 against the DA defendants (who prosecuted his criminal case), the OCA defendants (who presided over or were otherwise involved in his case), and RPD (who employs the police officer who unlawfully stopped and arrested Plaintiff, which precipitated the criminal proceedings). *See id.* at 7-8. The Court examines Defendants' motions below.

**I.     The DA Defendants' Motion to Dismiss (ECF No. 9)**

The DA defendants move to dismiss the complaint on the grounds that service was not timely effectuated with respect to Doorley, and never effectuated with respect to Clark. ECF No. 9-2 at 2. They also argue that Plaintiff's claims fail on the merits. *See id.* at 2-3.

"Rule 12(b)(5) permits a party to move for dismissal of a complaint based on inadequate service of process." *George v. Pro. Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 432 (S.D.N.Y. 2016). "When a defendant moves to dismiss under Rule 12(b)(5), the plaintiff bears the burden of proving adequate service." *Dickerson v. Napolitano*, 604 F.3d 732, 752 (2d Cir. 2010) (internal brackets omitted). "In deciding a Rule 12(b)(5) motion, a Court must look to Rule 4, which governs the content, issuance, and service of a summons." *George*, 221 F. Supp. 3d at 432.

With respect to Doorley, the Court declines to dismiss the complaint on the basis that she was not timely served. Under Rule 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.*

In this case, Plaintiff filed his complaint on March 23, 2023. ECF No. 1. Plaintiff therefore had until June 21, 2023 to serve Doorley. A sworn affirmation of service from Yolanda Albert indicates that she served Doorley by hand and, although the affidavit does not itself indicate the date of service, Doorley's counsel avers that she was served on June 29, 2023. ECF No. 9-1 at 1; ECF No. 10 at 3, 9. The DA defendants are thus correct that service was untimely.

Nevertheless, "district courts have discretion to grant extensions of time to effect proper service." *George*, 221 F. Supp. 3d at 433. "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Id.* These factors favor an extension of time. In light of Plaintiff's *pro se* status, the absence of prejudice to Doorley, and the potential timeliness issues that Plaintiff would face if his complaint were to be dismissed, the Court grants Plaintiff an extension of time *nunc pro tunc* to the date of service on Doorley, so as to render service timely.

As for Clark, his counsel has submitted an affirmation stating that "[he] ha[s] no evidence that Assistant District Attorney Clark has been served yet." ECF No. 9-1 at 1. Yet there is evidence of service in the record—namely, Albert's sworn affidavit that she served Clark by hand delivery. *See* ECF No. 10 at 4, 10. The DA defendants do not articulate why this evidence is insufficient. *Cf. Dallas v. Vosburgh*, No. 18-CV-336, 2019 WL 4573743, at *2 (W.D.N.Y. Sept. 20, 2019) ("[A]n affidavit of service filed by a plaintiff is prima facie evidence that defendant was properly served." (internal brackets and quotation marks omitted)). Furthermore, the DA defendants have not challenged the accuracy of this evidence in a "nonconclusory fashion." *Id.* While Clark's counsel indicates that *he* has no evidence of service, ECF No. 9-1 at 1, Clark himself

3

has not filed an affidavit disputing service. It is Clark's personal knowledge, not his attorney's, that is probative. Absent more developed argument, supported by relevant evidence, the Court will not dismiss the complaint on this basis.

The DA defendants argue that, regardless, Plaintiff's claims against them in their official capacities lacks merit and must be dismissed under Rule 12(b)(6). On this point, the Court agrees. "Where a district attorney [or assistant district attorney] is sued for damages in his or her official capacity, immunity under the Eleventh Amendment may attach to bar the suit, as the suit is construed as being against the State of New York." *Best v. Brown*, No. 19-CV-3724, 2019 WL 3067118, at *2 (E.D.N.Y. July 12, 2019) (collecting cases). Therefore, all claims against the DA defendants in their official capacities must be dismissed with prejudice.

However, the DA defendants have failed to demonstrate that any claims brought against them in their individual capacities should be dismissed.[3] The only argument they raise that is relevant to any individual-capacity claims is a statute-of-limitations defense. ECF No. 9-2 at 3. However, their argument is too undeveloped to merit relief. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.").

The DA defendants argue that the three-year limitations period for Plaintiff's "claim against [them] accrued on or about May 28, 2013," and expired beginning in May 2016. ECF No. 9-2 at 3. But the DA defendants do not explain what "claim" Plaintiff has brought against them

---

[3] It may be that the DA defendants did not construe the complaint to raise individual-capacity claims. *See* ECF No. 9-2 at 2. This is not unreasonable, since Plaintiff expressly alleges that he sues the DA defendants in their official capacities. See ECF No. 1 at 5-6. But given Plaintiff's request for monetary relief, and the Court's obligation to construe *pro se* complaints liberally, the Court reads the complaint to alleges individual-capacity claims as well. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).

or provide any case law establishing when such a claim accrues.  Indeed, since Plaintiff appears to bring several claims against all of the defendants, it is unclear which of the claims the DA defendants are referencing.  *See* ECF No. 1 at 7-8.  The DA defendants also note that the complaint was filed more than three years after the Appellate Division's dismissal of Plaintiff's criminal case, but they do not explain the relevance of that fact.  ECF No. 9-2 at 3.  To the extent the DA defendants are alluding to the proposition that a malicious-prosecution claim accrues upon the "favorable termination of [the] prosecution," *McDonough v. Smith*, 139 S. Ct. 2149, 2157 (2019), they have not sufficiently developed this argument.  In particular, the DA defendants have not addressed the applicability, if any, of New York's COVID-19 tolling orders.  *See, e.g.*, *Rivera v. City of New York*, No. 20-CV-9968, 2022 WL 1523165, at *4 (S.D.N.Y. May 13, 2022).  Because the statute of limitations is an affirmative defense on which the DA defendants bear the burden of proof, *Barry v. Spike*, No. 13-CV-6465, 2014 WL 5436579, at *1 (W.D.N.Y. Oct. 23, 2014), the Court is not in a position to dismiss the individual-capacity claims at this juncture. The DA defendants are free to raise the statute of limitation as a defense in the future, but the Court emphasizes that they have "an obligation to spell out [their] arguments squarely and distinctly." *Spectrum Northeast, LLC v. City of Rochester*, No. 21-CV-6453, 2022 WL 787964, at *4 (W.D.N.Y. Mar. 15, 2022)  (internal quotation marks omitted).

Accordingly, the DA defendants' motion is granted to the extent that the Court dismisses the official-capacity claims with prejudice, but is otherwise denied.

## II.     RPD's Motion to Dismiss (ECF No. 12)

RPD moves to dismiss the complaint on several grounds.  ECF No. 12.  The Court need only discuss two to resolve RPD's motion.

First, RPD is correct that "[a] police department is an administrative arm of the municipal corporation" and "cannot sue or be sued because it does not exist separate and apart from the municipality and does not have its own legal identity." *Tisdale v. Hartley*, No. 18-CV-6119 EAW, 2019 U.S. Dist. LEXIS 14269, at *5 (W.D.N.Y. Jan. 25, 2019); ECF No. 12-1 at 2. Consequently, all of Plaintiff's claims against RPD must be dismissed with prejudice.

Second, the Court agrees with RPD that Plaintiff has not proffered sufficient allegations to support a § 1983 claim against the City of Rochester. ECF No. 12-1 at 3-5. "To prevail on a 42 U.S.C. § 1983 claim against a municipality, a plaintiff must show that a municipal policy or custom caused the deprivation of his constitutional rights." *Plair v. City of New York*, 789 F. Supp. 2d 459, 468 (S.D.N.Y. 2011). "A municipality may not be held liable under § 1983 on the basis of respondeat superior." *Id.* "A plaintiff can establish an official policy or custom by showing any of the following: (1) a formal policy officially endorsed by the municipality; (2) actions or decisions made by municipal officials with decision-making authority; (3) a practice so persistent and widespread that it constitutes a custom of which policymakers must have been aware; or (4) a failure by policymakers to properly train or supervise their subordinates, such that the policymakers exercised 'deliberate indifference' to the rights of the plaintiff and others encountering those subordinates." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016).

"Although there is no heightened pleading requirement for complaints alleging municipal liability under § 1983, a complaint does not suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal quotation marks and brackets omitted). "To survive a motion to dismiss a municipal liability claim, a plaintiff must allege facts tending to support, at least circumstantially, an inference that a municipal policy or custom exists." *Id.* at 95 (internal

6

quotation marks and ellipsis omitted); *see also Cruz v. Vill. of Spring Valley*, No. 21-CV-2073, 2022 WL 428247, at *6 (S.D.N.Y. Feb. 11, 2022) (collecting cases).  Put simply, to allege "there is a policy does not make it so." *Vassallo v. City of New York*, No. 15-CV-7125, 2016 WL 6902478, at *14 (S.D.N.Y. Nov. 22, 2016).

In this case, Plaintiff alleges that an officer with the Rochester Police Department stopped him illegally, which led to his unlawful arrest, detention, and prosecution.  *See* ECF No. 1 at 26.  But he fails to allege that this illegal stop was the product of a "policy or custom" by the City of Rochester.  *Plair*, 789 F. Supp. 2d at 468.  The stop itself cannot support the inference that the City had an unlawful policy or custom, as it is well-settled that a "single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." *Santana v. City of New York*, No. 15-CV-6715, 2018 WL 1633563, at *10 (S.D.N.Y. Mar. 29, 2018).  Plaintiff has not plausibly alleged the existence of a municipal policy or custom, and therefore no § 1983 claim against the City of Rochester is viable.

RPD's motion to dismiss is granted, and the claims against RPD are dismissed with prejudice.  If Plaintiff believes he can proffer additional allegations of a policy or custom by the City of Rochester, and he wishes to pursue a § 1983 claim against the City, he may request leave to amend his complaint with the Court.  With his request, Plaintiff must submit a proposed amended complaint adding the City of Rochester as a defendant and containing all of the factual allegations, if they exist, to support his claims against the City of Rochester.  The Court will thereafter decide whether to grant Plaintiff leave to amend.  Plaintiff's request for leave to amend is due by April 10, 2024.

### III.     OCA Defendants' Motion to Dismiss (ECF No. 19)

The OCA defendants move to dismiss the complaint in full.  They argue that the Eleventh Amendment bars any § 1983 claims brought against them in their official capacities.  ECF No 19-1 at 11-12.  As for any individual-capacity claims, the OCA defendants contend that they are entitled to absolute immunity and that the statute of limitations renders Plaintiff's action untimely.[4]  *Id.* at 9-11.

The Court agrees with the OCA defendants that the Eleventh Amendment bars all § 1983 claims brought against them in their official capacities.  *See Miller v. Primo*, No. 23-CV-1051, 2023 WL 6379325, at *6 (N.D.N.Y. Sept. 29, 2023) (collecting cases).  Plaintiff's official-capacity claims are dismissed.

The Court declines to dismiss any individual-capacity claims.  Like the DA defendants, the OCA defendants fail to address the applicability, if any, of New York's COVID-19 tolling orders to the relevant statute of limitations.  *See, e.g., Rivera*, 2022 WL 1523165, at *4.  Without more, the Court declines to address the statute-of-limitations issue.  Similarly, with respect to absolute immunity, the OCA defendants fail to address Plaintiff's central claim: that he was, in fact, never indicted, which rendered the entirety of his criminal proceedings defective.  *See* ECF No. 1 at 14-15; ECF No. 34 at 8.  A judge's absolute immunity does not extend to situations in which he acts "in the 'clear absence of all jurisdiction.'" *United States v. Bommer*, 613 F. Supp. 3d 712, 720 (W.D.N.Y. 2020).  Because the OCA defendants do not articulate why Plaintiff's allegations do not meet this standard—to the contrary, they claim that Plaintiff "ma[de] no allegation that [they]

---

[4] The OCA defendants also argue that personal jurisdiction is lacking because Plaintiff did not timely effectuate service consistent with Rule 4(m).  ECF No. 19-1 at 8-9.  For the reasons stated in Section I, *supra*, the Court grants Plaintiff an extension of time to serve the OCA defendants *nunc pro tunc* to the date of service, and therefore this argument is rejected.  On a separate note, the Court observes that, while the submitted declarations may suggest that one or more of the OCA defendants was not properly served, the OCA defendants do not move for relief on that basis, and, consequently, the Court need not address it.  *Cf. Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010) (noting that, ordinarily, courts are under no obligation to raise "personal jurisdiction *sua sponte*").

8

acted outside their jurisdiction," ECF No. 19-1 at 10—the Court declines to further address whether absolute immunity applies under the circumstances. *See Zannino*, 895 F.2d at 17.

Accordingly, the OCA defendants' motion is granted insofar as all official-capacity claims are dismissed with prejudice, but is otherwise denied.

## CONCLUSION

For the reasons stated herein, the DA defendants' motion to dismiss (ECF No. 9) is GRANTED IN PART, in that the official-capacity claims against Doorley and Clark are dismissed with prejudice, and the motion is otherwise denied. RPD's motion to dismiss (ECF No. 12) is GRANTED, in that the claims against RPD are dismissed with prejudice, and the Clerk of Court is directed to terminate "Monroe County Rochester Police Department" as a defendant. Plaintiff has until April 10, 2024 to request leave to amend his complaint to add the City of Rochester as a defendant. The OCA defendants' motion to dismiss (ECF No. 19) is GRANTED IN PART, in that the official-capacity claims against Kocher, Dinolfo, Doran, and Morse are dismissed with prejudice, and the motion is otherwise denied. The DA defendants' and OCA defendants' answers are due by April 10, 2024.

IT IS SO ORDERED.

Dated:  March 14, 2024
        Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

9