UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICKY WALLACE,

                              Plaintiff,        Case # 23-CV-6428-FPG

v.                                                        DECISION & ORDER

THOMAS RAINBOW MORSE, et al.,

                              Defendants.
_____

## INTRODUCTION

Plaintiff Ricky Wallace brings this civil rights action against Defendants Thomas Rainbow Morse (Rochester City Court Judge), Craig J. Doran (Chief Administrative Judge), Vincent M. Dinolfo (Monroe County Supreme Court Judge), William F. Kocher (Supervising Judge), Sandra Doorley (Monroe County District Attorney), and Gregory C. Clark (Assistant District Attorney). ECF No. 1 at 1; ECF No. 36. Plaintiff alleges that Defendants violated state and federal law in connection with his state-court criminal proceedings. The DA defendants[1] move for summary judgment, arguing, *inter alia*, that they are entitled to absolute prosecutorial immunity on all of Plaintiff's claims against them. ECF No. 47. Plaintiff opposes the motion. ECF No. 63. For the reasons that follow, the DA defendants' motion is GRANTED.

## LEGAL STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the

---

[1] The "DA defendants" are Doorley and Clark.

1

non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005). However, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (quotation omitted).

## DISCUSSION

On May 13, 2013, Plaintiff was arrested on a charge of fourth-degree criminal possession of a weapon. That arrest initiated a criminal process that culminated in a jury verdict of guilty on one count of second-degree criminal possession of a weapon. Plaintiff spent the next several years incarcerated, until his conviction was overturned, and the indictment dismissed, on appeal. *See People v. Wallace*, 120 N.Y.S.3d 525 (4th Dep't 2020).

In March 2023, Plaintiff, then acting *pro se*,[2] filed the present action. He sues a number of public officials involved in his criminal proceedings, including the DA defendants. He brings federal-law claims under 42 U.S.C. § 1983, along with related state-law claims. *See* ECF No. 1 at 8-9. The crux of his claims against the DA defendants is that he was never indicted or arraigned on his charge for second-degree criminal possession of a weapon, which rendered his entire criminal proceedings defective. *See id.* at 7. Plaintiff also alleges that the DA defendants wrongfully prosecuted him while they were under a conflict of interest. *See, e.g.*, *id.* at 47-48.

The DA defendants now move for summary judgment, primarily arguing that they are entitled to absolute prosecutorial immunity on all of Plaintiff's claims. ECF No. 47-5 at 4-9.

---

[2] Plaintiff is now represented by counsel. ECF No. 58.

"It is well-settled that prosecutors performing prosecutorial activities that are intimately associated with the judicial phase of the criminal process are entitled to absolute immunity from an action for damages under § 1983." *Matthews v. Cnty. of Cayuga*, No. 17-CV-1004, 2018 WL 2926271, at *6 (N.D.N.Y. Apr. 18, 2018) (internal quotation marks omitted). "For example, a prosecutor enjoys absolute immunity when determining which offenses to charge, initiating a prosecution, presenting a case to a grand jury, and preparing for trial." *Anilao v. Spota*, 27 F.4th 855, 864 (2d Cir. 2022). "The doctrine of absolute prosecutorial immunity applies to shield liability in both federal civil rights and state common law tort actions." *Matthews*, 2018 WL 2926271, at *6.

"A narrow limitation to the scope of absolute immunity . . . exists where the defect is jurisdictional—that is, where the prosecutor acted well outside the scope of authority, rather than where the defect relates . . . to the prosecutor's motivation or the reasonableness of his official action." *Anilao*, 27 F.4th at 864. "The jurisdictional defect must be clear and obvious. In considering whether a given prosecution was clearly beyond the scope of that jurisdiction, or whether instead there was at least a colorable claim of authority, [the court] inquire[s] whether any relevant criminal statute exists that may have authorized prosecution for the charged conduct." *Id.* (internal quotation marks and ellipsis omitted).

In his opposition, Plaintiff's sole developed argument is that there is a genuine dispute of material fact as to whether he was ever indicted, and that, because of that dispute, summary judgment is precluded. *See* ECF No. 63 at 16-19. The Court concludes that Plaintiff's evidentiary proffer does not create a genuine issue of material fact on this issue. Because Plaintiff raises no

other defense to summary judgment,[3] the Court grants judgment as a matter of law in the DA defendants' favor.

It is undisputed that on May 13, 2013, Plaintiff was arrested for fourth-degree criminal possession of a weapon in Rochester. ECF No. 63 ¶ 1; *see also* ECF No. 1 at 38. It is further undisputed that on May 16 and 17, 2013, Plaintiff's case was presented to the Monroe County grand jury. ECF No. 63 ¶ 4. Plaintiff does not dispute many of the facts related to the grand-jury proceedings, which are reflected in the minutes produced by the DA defendants. *See* ECF No. 47-9; ECF No. 63 ¶¶ 4-8. Those minutes reflect that Defendant Clark, as an Assistant District Attorney with the Monroe County District Attorney's Office, presented the case on May 16, 2013. ECF No. 47-9 at 3. Patrick Giancursio, an officer with the Rochester Police Department, testified before the grand jury. He stated that on May 13, 2013, at approximately 12:16 A.M., he came into contact with Plaintiff while on patrol. *Id.* at 9. Officer Giancursio searched Plaintiff and discovered a pistol in his jacket pocket. *Id.* Defendant Clark also proffered to the grand jury a forensic firearms report, which indicated that the pistol was operable. *Id.* at 19-20.

---

[3] Insofar as he is now represented by counsel, Plaintiff does not enjoy the lenient treatment accorded to *pro se* litigants at summary judgment. *Cf. Jackson v. Fed. Express*, 766 F.3d 189, 197 (2d Cir. 2014). Accordingly, the Court will not consider issues that the DA defendants raise but Plaintiff does not address. *See, e.g.*, *DeJesus v. Malloy*, 531 F. Supp. 3d 650, 666 (W.D.N.Y. 2021). For example, while Plaintiff disputes the factual question of whether he was indicted, he does not otherwise challenge Defendants' position that, assuming he was properly indicted, they enjoy absolute immunity for all of their alleged wrongful conduct and, therefore, summary judgment is warranted on all of Plaintiff's claims against them. *See* ECF No. 47-5 at 6-10. Likewise, the Court declines to address any distinct issues that Plaintiff himself has not raised, including whether summary judgment at this early stage is appropriate. *See* Fed. R. Civ. P. 56(d); *see also Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived."). And the Court will not address any arguments that Plaintiff has proposed but failed to sufficiently develop. *See United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones."). For example, Plaintiff asserts that he was never arraigned; that there was insufficient evidence to indict him for second-degree criminal possession of a weapon; that Judge Morse was not properly assigned to Plaintiff's criminal matter; and that he was not timely indicted or arraigned, *see* ECF No. 63 at 7, 17-18, but he fails to articulate how those issues bear on the DA defendants' claim of absolute immunity. *Cf. Spectrum Northeast, LLC v. City of Rochester*, No. 21-CV-6453, 2022 WL 787964, at *4 (W.D.N.Y. Mar. 15, 2022).

The minutes reflect that on May 17, 2013, non-party Lisa Gray, another Assistant District Attorney, formally submitted the matter to the grand jury for a vote, and the grand jury voted 20-0 to indict Plaintiff on one count of second-degree criminal possession of a weapon. *Id.* at 22-23; ECF No. 47-8 at 1. Plaintiff contests these factual assertions. *See* ECF No. 63 ¶¶ 9, 10. He appears to question the authenticity of the minutes in these respects, noting that they were not "signed or sworn to by a stenographer." ECF No. 63 at 6. But even if such a fact would render the minutes inadmissible *at present*, it does not suggest that the DA defendants would be unable to proffer the necessary foundation to have them admitted *at trial*. Only the latter is relevant for summary-judgment purposes. *See Jacobs v. N.Y.C. Dep't of Educ.*, 768 F. App'x 86, 87 n.1 ("[M]aterial relied on at summary judgment need not be admissible in the form presented to the district court. Rather, so long as the evidence in question will be presented in admissible form at trial, it may be considered on summary judgment.").

Moreover, the DA defendants present other evidence to establish that the grand jury voted to indict Plaintiff. They submitted an affidavit from Gray, who avers under penalty of perjury that she presented the case to the grand jury and recorded the vote. *See* ECF No. 47-2; *see also* ECF No. 64-1 at 1. They also submitted the grand jury "tissue"—an internal document prepared by the Monroe County District Attorney's Office to track grand jury proceedings. *See* ECF No. 47-1 at 2. The "tissue" confirms that the grand jury voted concerning the charge of second-degree criminal possession of a weapon. *See* ECF No. 47-8 at 1. Plaintiff offers no substantive rebuttal to this evidence. Rather, he merely presents conclusory denials of these facts. *See* ECF No. 63 at 12-13. Because such conclusory denials do not "by themselves create a genuine issue of material fact," *S.E.C. v. Illarramendi*, 732 F. App'x 10, 12 (2d Cir. 2018) (summary order), the Court deems it

undisputed that on May 17, 2013, the grand jury voted to indict Plaintiff on one count of second-degree criminal possession of a weapon.

Next, the DA defendants assert that the indictment, signed both by Defendant Doorley and the grand-jury foreperson, was filed with the Monroe County Clerk on May 29, 2013. This assertion is supported by a copy of the front and back of the indictment. *See* ECF No. 47-6; ECF No. 47-7. Robert John Shoemaker, defense counsel, has submitted a declaration in which he affirms that he received the original indictment from the Monroe County Clerk's Office "after obtaining an unsealing order." ECF No. 47-1 ¶ 4(a). As the copy in the summary-judgment record corroborates, the indictment from the Clerk's office "is signed by the District Attorney, stamped received by the Clerk [on May 29, 2013], and has a raised seal." *Id.*

Plaintiff contests that an indictment was ever filed, though his position takes the form of scattershot assertions rather than a discernible factual theory.

First, with respect to the signed indictment, Plaintiff suggests that Doorley's signature was "superimposed" over the Clerk's Office stamp and that the foreperson's signature is suspicious. ECF No. 63 at 13. Plaintiff fails to articulate what inference he believes should be drawn from these assertions—*e.g.*, whether someone falsified the signed indictment, whether the DA defendants are lying about the origin of the signed indictment, etc. Whatever Plaintiff is hinting at, it is wholly conjectural on the present record.

Second, Plaintiff observes that the copy of the indictment he has in his possession is "unsigned and unstamped." ECF No. 63 at 13; *see also* ECF No. 1 at 40. Plaintiff does not disclose when or how he came into possession of the unsigned indictment, let alone explain how his copy—which appears to be a draft version of the indictment—undermines the authenticity of the version

6

filed with the Clerk's Office.  Without additional factual context, a jury could not reasonably find that Plaintiff's copy casts doubt on the authenticity of the signed indictment.

Third, Plaintiff proffers an affirmation from Gary Certain, Plaintiff's attorney in an unrelated civil matter, which was filed in connection with Plaintiff's § 440.10. motion.  ECF No. 1 at 82-83.  Plaintiff cites Certain's affirmation for the proposition that, in or about Summer 2017, there was "no indictment contained within the [court] file" in his criminal matter.  ECF No. 63 at 8.  However, Certain's affirmation does not state that claim.  Rather, Certain avers that when he reviewed copies of the court file given to him, he did not see any document "attesting that a true bill was voted by [the] Grand Jury."  ECF No. 1 at 83.  He does not say that the indictment itself was unsigned.  And as the state court pointed out when it denied Plaintiff's § 440.10 motion, the documents that Certain obtained did not include the *back* of the indictment, which is where the foreperson's signature is located.  *See* ECF No. 47-7 at 1; ECF No. 47-12 at 5.  In his opposition, Plaintiff does not acknowledge, let alone rebut, this obvious flaw with Certain's affirmation.

In sum, Plaintiff has presented only conjecture and speculation in his attempt to challenge the DA defendants' assertion that an indictment was properly filed in his criminal case.  Because it is well-established that "[c]onclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact," *Niagara Mohawk Power Corp. v. Jones Chem. Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (internal quotation marks omitted), the Court deems it undisputed that an indictment, signed both by Defendant Doorley and the grand-jury foreperson, was filed with the Monroe County Clerk on May 29, 2013.

Given that the summary-judgment record indisputably establishes that Plaintiff was properly indicted, and the lack of any other developed argument challenging the DA defendants' argument that they are entitled to absolute prosecutorial immunity, the Court concludes that the

DA defendants are entitled to summary judgment. *Accord Anilao*, 27 F.4th at 870 (claims properly dismissed due to prosecutor's absolute immunity for conduct taken "as advocates during the judicial phase" of the prosecution).

## CONCLUSION

For the reasons stated herein, the DA defendants' motion for summary judgment (ECF No. 47) is GRANTED.[4] The Clerk of Court is directed to terminate Defendants Gregory C. Clark, Esq., and Sandra Doorley, Esq., from the docket.

IT IS SO ORDERED.

Dated: March 18, 2025
Rochester, New York

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

---

[4] The Court declines to address Plaintiff's request that this matter be transferred to the Northern District of New York. ECF No. 63 at 15. Plaintiff may file a motion if he wishes to seek that relief.