UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────

RICKY WALLACE,

                                         Plaintiff,           Case # 23-CV-6428-FPG

v.                                                                DECISION & ORDER

THOMAS RAINBOW MORSE, et al.,

                                         Defendants.
───────────────────────────────────────

      Plaintiff Ricky Wallace brought this civil rights action against Defendants Thomas Rainbow Morse (Rochester City Court Judge), Craig J. Doran (Chief Administrative Judge), Vincent M. Dinolfo (Monroe County Supreme Court Judge), William F. Kocher (Supervising Judge), Sandra Doorley (Monroe County District Attorney), and Gregory C. Clark (Assistant District Attorney). ECF No. 1 at 1; ECF No. 36. Plaintiff alleged that Defendants violated state and federal law in connection with his state-court criminal proceedings. On March 18, 2025, the Court granted summary judgment in favor of Doorley and Clark, concluding that they were entitled to absolute prosecutorial immunity. *See Wallace v. Morse*, No. 23-CV-6428, 2025 WL 847141, at *4 (W.D.N.Y. Mar. 18, 2025). In doing so, the Court rejected Plaintiff's "sole developed argument"—*i.e.*, "there is a genuine dispute of material fact as to whether he was ever indicted, and that, because of that dispute, summary judgment [on immunity grounds] is precluded." *Id.* at *2.

      The Judicial defendants[1] now move for summary judgment, arguing that any alleged misconduct taken by the Judicial defendants occurred "within the scope of their judicial responsibilities and within their jurisdiction," thus entitling them to "absolute judicial immunity."

---

[1] The "Judicial defendants" are Judges Morse, Doran, Dinolfo, and Kocher.

1

ECF No. 70-1 at 3. They rest their position largely on the conclusions that the Court reached in its prior decision. Plaintiff purports to oppose the motion, but in substance he all but concedes that, if reaffirmed, the Court's prior decision controls and warrants judgment in the Judicial defendants' favor. *See* ECF No. 72 at 4 ("If the Court's Decision and Order . . . is to govern, it may seem that the [Judicial defendants'] arguments should be adopted.").

As a result, the Judicial defendants' motion can be resolved in short order. Like prosecutors, judges are entitled to "absolute immunity from personal liability for acts committed within their judicial jurisdiction, however erroneous the act and regardless of motivation." *Tapp v. Champagne*, 164 F. App'x 106, 107 (2d Cir. 2006) (summary order) (internal quotation marks omitted). The Judicial defendants argue that—assuming Plaintiff was properly indicted—the alleged misconduct fell within their judicial jurisdiction and, thus, is protected by absolute judicial immunity. *See* ECF No. 70-1 at 6-13. With one exception,[2] Plaintiff does not dispute that argument. *See generally* ECF No. 72. Accordingly, because the undisputed facts establish that Plaintiff was properly indicted, *see Wallace*, 2025 WL 847141, at *2-4, the Judicial defendants are entitled to absolute immunity for their acts taken in connection with Plaintif's criminal proceedings, "however erroneous the act[s] may have been, and however injurious in [their] consequences [] may have proved to the plaintiff." *Lewites v. Lobis*, No. 04-CV-155, 2004 WL 1854082, at *4 (S.D.N.Y. Aug. 19, 2004). Summary judgment is therefore warranted.

---

[2] Plaintiff questions whether Judge Morse was properly appointed as an acting county court judge. *See* ECF No. 72 at 4. Judge Morse states that he was lawfully designated as an acting county court judge "by Administrative Order of the Chief Administrative Judge of the Courts." ECF No. 70-3 ¶ 4; *see also id.* at 18-19. That assignment power is granted to the Chief Administrative Judge by the New York Constitution, which permits temporary assignments of city court judges to the county court. *See* N.Y. Const. art. VI § 26(j)(2). The Court finds this straightforward argument persuasive, and Plaintiff provides no meaningful response requiring deeper analysis.

## CONCLUSION

For the reasons stated herein, the Judicial defendants' motion for summary judgment (ECF No. 70) is GRANTED. The Clerk of Court is directed to enter judgment in accordance with this Order and the Court's prior orders (ECF Nos. 36, 65), and close the case.

IT IS SO ORDERED.

Dated: October 1, 2025
       Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                              United States District Judge
                                              Western District of New York